IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CT-03211-FL

| | |
|---|---|
| BILLY RAY MCKOY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE OF NORTH CAROLINA and ) <br> QUENTIN T. SUMNER, ) <br> ) <br> Defendants. ) | MEMORANDUM AND <br> RECOMMENDATION |

This matter is before the court for review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and on referral of the Motion for Preliminary Injunction [DE-4]. The parties have not consented to jurisdiction of the magistrate judge; therefore, the § 1915A review and motion for injunctive relief are considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Local Civil Rule 72.3(c). For the reasons set forth below, it is recommended Plaintiff's complaint be dismissed for failure to state a claim and the Motion for Preliminary Injunction be denied as moot.

## I. BACKGROUND

Plaintiff Billy Ray McKoy ("Plaintiff"), an inmate in the custody of the State of North Carolina, filed this action *pro se* and "on behalf of himself and all others similarly situated,"[1] pursuant to 42 U.S.C. § 1983, against Defendants the State of North Carolina and Quentin T. Sumner ("Defendants"), alleging that Defendants denied Plaintiff access to the courts when the North

---

[1] To the extent Plaintiff attempts to bring a claim on behalf of any other prisoner, Plaintiff is not a lawyer, and may not litigate a claim on behalf of another prisoner. *See Myers v. Louden Cnty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam).

Carolina Innocence Inquiry Commission ("Innocence Commission") allegedly summarily denied Plaintiff's claim without a right of appeal, pursuant to North Carolina General Statute §§ 15A-1467 and 15A-1470. [DE-1]. Plaintiff seeks "repeal and dissolution" of North Carolina General Statute §§ 15A-1467 and 15A-1470.

## II. LEGAL STANDARDS

The Prison Litigation Reform Act of 1996 ("PLRA") limits the ability of prisoners to file civil actions without prepayment of filing fees. *See* 28 U.S.C. § 1915A. The PLRA requires the district court to engage in a preliminary screening process of any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review of Plaintiff's complaint under the PLRA, the court must identify "cognizable claims or dismiss the complaint, or any portion of the complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McLean v. United States,* 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke,* 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly

2

incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiffs are proceeding *pro se* and pleadings drafted by *pro se* litigants are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

### A. Complaint Fails to Allege a Deprivation of a Right Under the United States Constitution or Federal Statute

Section 1983 imposes liability for the deprivation "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must establish three elements: "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1996). It appears Plaintiff is asserting an unconstitutional denial of access to the courts. *See* Compl. § IV [DE-1]. However, the case upon which Plaintiff relies, *Johnson v. Avery*, 393 U.S. 483 (1969), recognizes the fundamental right of access to courts by prisoners pursuing post-conviction habeas corpus relief. 393 U.S. 485-86. Here, Plaintiff's complaint relates not to habeas relief, but to a claim filed with the North Carolina Innocence Commission. Accordingly, *Johnson* is inapposite. Furthermore, there appears to be no authority upon which to find a constitutional right to judicial review of a decision by the Innocence Commission. Accordingly, Plaintiff has failed to state a claim under § 1983 based on a denial of access to the courts.

To the extent Plaintiff's complaint could be read to assert a deprivation of the right to due process, as secured by the Fourteenth Amendment, *see* App. for Preliminary Inj. [DE-4] at 2, Plaintiff's claim also fails. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *see* U.S. Const. amend. XIV, § 1; *Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1466 (4th Cir. 1990) ("The Due Process Clause regulates the manner in which a state deprives its citizens of interests in life, liberty, and property."). "A liberty interest may arise from the Constitution itself,

4

by reason of guarantees implicit in the word 'liberty,' *see, e.g., Vitek v. Jones*, 445 U.S. 480, 493-494, 100 S. Ct. 1254, 63 L. Ed. 2d 552 (1980) (liberty interest in avoiding involuntary psychiatric treatment and transfer to mental institution), or it may arise from an expectation or interest created by state laws or policies, *see, e.g., Wolff v. McDonnell*, 418 U.S. 539, 556-558, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974) (liberty interest in avoiding withdrawal of state-created system of good-time credits)." *Id.* In determining whether due process protections apply, courts "must look not to the 'weight' but to the nature of the interest at stake." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972)). Thus, "to obtain a protectible right 'a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" *Id.* (quoting *Roth*, 408 U.S. at 577).

While Plaintiff does not expressly state, it appears he seeks to invoke due process in protection of his liberty interest. Yet, Plaintiff's constitutionally guaranteed right to liberty has been extinguished by his convictions. *See id.* ("The natural desire of an individual to be released is indistinguishable from the initial resistance to being confined. But the conviction, with all its procedural safeguards, has extinguished that liberty right: '[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty.'") (quoting *Meachum v. Fano*, 427 U.S. 215, 224 (1976)). Accordingly, if Plaintiff possesses a protectible liberty interest, its genesis is not in the Constitution, but rather in the statutory language governing the Innocence Commission.

"States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974); *Board of Pardons v. Allen*, 482 U.S. 369 (1987)). "But these interests will be

5

generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, *see, e.g.*, *Vitek*, 445 U.S., at 493, 100 S. Ct., at 1263-1264 (transfer to mental hospital), and *Washington*, 494 U.S., at 221-222, 110 S. Ct., at 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. "A state-created right can, in some circumstances, beget yet other rights to procedures essential to the realization of the parent right." *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 463-64 (1981) (citing *Meachum*, 427 U.S. at 226; *Wolff*, 418 U.S. at 557). "Plainly, however, the underlying right must have come into existence before it can trigger due process protection." *Id.* (citing *Leis v. Flynt*, 439 U.S. 438, 442-443 (1979)).

The Innocence Commission was established in 2006 as "an extraordinary procedure to investigate and determine credible claims of factual innocence . . . ." N.C. Gen. Stat. § 15A-1461. The term "claim of factual innocence" is defined in the law as "a claim . . . asserting the complete innocence of any criminal responsibility for the felony for which the person was convicted and for any other reduced level of criminal responsibility relating to the crime, and for which there is some credible, verifiable evidence of innocence that has not previously been presented at trial or considered at a hearing granted through postconviction relief." *Id.* § 15A-1560(1). Submission of claims to the Innocence Commission is permissive, and the Innocence Commission has total discretion to "informally screen and dismiss a case summarily at its discretion." *Id.* § 15A-1467(a). "If the Commission concludes there is sufficient evidence of factual innocence to merit judicial review, the Chair of the Commission shall request the Chief Justice to appoint a three-judge panel . . . to convene a special session of the superior court of the original jurisdiction to hear evidence

6

relevant to the Commission's recommendation." *Id.* § 15A-1469(a). The decisions of both the Commission and the three-judge panel are final and not subject to review. *Id.* § 15A-1470(a).

While there is no case law on point regarding whether North Carolina, in creating the Innocence Commission, created a liberty interest invoking due process, it is clear from other case law that no such liberty interest exists. The Fourth Circuit has held that "discretionary statutory 'rights' do not create liberty or property interests protected by the Due Process Clause." *Smith v. Ashcroft*, 295 F.3d 425, 430 (4th Cir. 2002); *see also Parran v. Hopkins*, 873 F.2d 1440 (4th Cir. 1989) (finding no liberty interest under state law where "the statutory language allows discretion to the commissioner of the DOC, *see* Md. Ann. Code, art. 31B § 8(a), and the Maryland Court of Appeals has interpreted the statute to be wholly discretionary with the commissioner.") (citing *Wolff*). Here, the Innocence Commission has absolute discretion to "informally screen and dismiss a case summarily." N.C. Gen. Stat. § 15A-1467(a). Additionally, the Supreme Court has declined to find a liberty interest in cases such as this where the decision maker retains broad discretion under the statute and "[t]here is thus no substantive expectation of [relief]." *See Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 282-83 (1998) (finding no liberty interest in a clemency proceeding); *see also Dumschat*, 452 U.S. at 467 (holding that the power vested in the Connecticut Board of Pardons to commute sentences conferred no rights on respondents beyond the right to seek commutation). Furthermore, the denial of a claim by the Innocence Commission does not "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin*, 515 U.S. at 484, and "merely means that the inmate must serve the sentence originally imposed." *Woodard,* 523 U.S. at 283.

Accordingly, Plaintiff has failed to identify an interest to which due process applies and, thus,

7

has failed to state a colorable constitutional claim under 42 U.S.C. §1983. Therefore, it is recommended that the complaint be dismissed for failure to state a claim.

## IV. CONCLUSION

Based upon the foregoing, it is RECOMMENDED that Plaintiff's complaint be DISMISSED for failure to state a claim and the Motion for Preliminary Injunction be DENIED AS MOOT.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SUBMITTED, the 7 day of October 2013.

Robert B. Jones, Jr.
United States Magistrate Judge