IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3211-FL

| | | |
|---|---|---|
| BILLY RAY MCKOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE OF NORTH CAROLINA AND | ) | |
| QUENTIN T. SUMNER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of Magistrate Judge Robert B. Jones, Jr., pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), in which he recommends that the court dismiss plaintiff's complaint as frivolous and deny as moot plaintiff's motion for a preliminary injunction. No objections to the M&R have been filed, and the time within which to make any objection has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge, dismisses the complaint, and denies as moot plaintiff's motion for a preliminary injunction.

On October 8, 2013, the magistrate judge recommended that plaintiff's proposed complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915A. When a prisoner seeks relief in a civil action from a governmental entity or officer or employee of a governmental entity, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)-(b)(1). A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Plaintiff filed this action pursuant to § 1983, alleging that defendants denied him access to the courts when the North Carolina Innocence Inquiry Commission allegedly summarily denied plaintiff's claim without a right of appeal, pursuant to N.C. Gen. Stat. §§ 15A-1467 and 15A-1470. As relief, plaintiff sought "repeal and dissolution" of N.C. Gen. §§ 15A-1467 and 15A-1470. The magistrate judge recommends dismissing the complaint because plaintiff's claim fails to allege a deprivation of a right under the United States Constitution or Federal Statute. In particular, the magistrate judge determined that plaintiff failed to state an access to courts claim pursuant to the First Amendment to the United States Constitution or a claim pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In the absence of a specific and timely filed objection, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Having carefully reviewed the filings in this case and the M&R, the court agrees with the conclusions reached by the magistrate judge and thus ADOPTS his findings and recommendations (DE 8), and plaintiff's complaint is DISMISSED. Plaintiff's motion for a preliminary injunction (DE 4) is DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 12th day of November, 2013.

LOUISE W. FLANAGAN
United States District Judge

2

Case 5:13-ct-03211-FL   Document 9   Filed 11/12/13   Page 2 of 2